### CHARLES E. HIRES CO. v. SIMPKINS.

(Circuit Court, D. Connecticut. July 15, 1910.)

No. 1,329.

1. PLEADING (§ 212\*)—DEMURRER—WAIVER.

    An answer filed to a complaint waives defendant's right to demur.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 521, 522; Dec. Dig. § 212.\*]

2. TRADE-MARKS AND TRADE-NAMES (§ 92\*)—UNLAWFUL COMPETITION.

    A bill for unlawful competition in the use of complainant's trade-name and good will in the sale of root beer syrup was not demurrable for failure to allege the amount and value of the syrup fraudulently used by defendant, the names of defendant's agents, or of the parties buying the same; nor was the bill not sufficiently specific because it only alleged that defendant's use of the fraudulent syrup occurred on "divers days and at divers places" within the jurisdiction of the court.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 102; Dec. Dig. § 92.\*]

In Equity. Bill by the Charles E. Hires Company against Arthur B. Simpkins. On demurrer to bill. Overruled.

Mitchell, Chadwick & Kent, for complainant.
Frederick L. Perry, for defendant.

PLATT, District Judge. The defendant has the right to demur specially to paragraph 4 of the complaint for uncertainty. If he should answer the paragraph without having demurred, he would have waived that right. The question which faces the court is whether or not the complainant has set forth in paragraph 4 such facts as, if found true, would form a basis for a judgment in complainant's favor.

The defendant is charged in the bill with a fraudulent and unfair invasion of complainant's trade-name and good will. He, in the nature of things, must know whether or not he has so trespassed. The facts are not stated with the particularity that good pleading demands, but they seem to be certain enough; surely so in a matter of this kind, when the defendant must know in his heart

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·of hearts whether there is right and justice in the charges made by complainant. The amount and value of the fraudulently used syrup, and the names of defendant's agents, or of the parties buying, are immaterial matters, not necessary to be alleged. "On divers days and at divers places" is the sticking point, but both time and place are stated to have been within the jurisdiction of the court, and, as I have just said, defendant well knows whether the charges are true, or are made up out of whole cloth.

Let the demurrer be overruled.